**Affirmed and Memorandum Opinion filed March 12, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00038-CV

**KRISHNA FINANCIAL LTD., Appellant**

**V.**

**ELVIS B. FOSTER, P.C., Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-52984**

## MEMORANDUM OPINION

This is an appeal from an order denying a motion to dismiss under the Texas Citizens Participation Act, otherwise known as the "TCPA." Because we conclude that the movant failed to satisfy its initial burden of showing the applicability of the TCPA, we affirm the trial court's order.

## BACKGROUND

This appeal involves two separate lawsuits. In the first lawsuit, which we identify as the "Hospital Lawsuit," the plaintiffs were a doctor and Krishna Financial Ltd., which was the doctor's closely held limited partnership. These plaintiffs sued a hospital and other related entities, alleging certain financial harms that arose out of an investment.

During the course of the Hospital Lawsuit, the doctor (but not Krishna) entered into a contract with a consulting firm, Elvis B. Foster, P.C. Under the terms of that contract, Foster agreed to provide expert services in the Hospital Lawsuit, and those services included reviewing the allegations and preparing an estimate of damages, if any. In return for these services, the doctor agreed to pay Foster an hourly fee, which was not contingent upon the outcome of the Hospital Lawsuit.

Foster performed under the contract and submitted an invoice to the doctor, but the invoice was not very detailed and the doctor refused to pay it. That refusal led to this second lawsuit, which we identify as the "Fee Lawsuit."

In the original petition of the Fee Lawsuit, Foster sued the doctor (but not Krishna), asserting causes of action for suit on a sworn account and breach of contract. Both causes of action alleged the same operative set of facts—i.e., that the doctor had agreed to pay a fee for services rendered, and the doctor had yet to pay that fee. Foster later amended its petition and named Krishna as a co-defendant. Foster alleged that both the doctor and Krishna were liable for fraud because the doctor, individually and as an agent for Krishna, materially misrepresented that he would pay Foster's fee. Foster also pleaded in the alternative that Krishna was liable as a third-party beneficiary of the doctor's fraud.

Krishna (but not the doctor) filed a TCPA motion to dismiss Foster's fraud allegations in the Fee Lawsuit. The trial court denied that motion, leading to this interlocutory appeal.

## ANALYSIS

Before a legal action may be dismissed under the TCPA, the movant must satisfy its initial burden of demonstrating by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b).[1] If the movant satisfies this initial burden, then the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id.* § 27.005(c). If the nonmovant satisfies that burden, then the burden shifts back to the movant to establish by a preponderance of the evidence each essential element of a valid defense. *Id.* § 27.005(D). Whether the parties have met these respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019).

In the trial court below, Krishna was the TCPA movant, and Krishna argued that Foster's cause of action for fraud was based on, related to, or was in response to Krishna's exercise of the right to petition. The "exercise of the right to petition" is defined several ways under the TCPA, and Krishna invoked the following definitions:

(A) a communication in or pertaining to . . . a judicial proceeding; . . .

---

[1] There have been recent amendments to the TCPA, which became effective as of September 1, 2019. In this opinion, all citations to the TCPA refer to the pre-amendment version that was effective at the time that Foster filed its suit.

(B) a communication in connection with an issue under consideration or review by a . . . judicial . . . body; [or]

(C) a communication that is reasonably likely to encourage consideration or review of an issue by a . . . judicial . . . body.

*Id.* § 27.001(4).

The only communication that Krishna identified in its TCPA motion was an alleged misrepresentation that the doctor would pay Foster for services rendered. Assuming for the sake of argument that this communication can be imputed to Krishna, we conclude that Krishna has failed to show that the communication falls within the statutory definition of the "exercise of the right to petition."

Krishna produced no evidence that the communication occurred "in . . . a judicial proceeding." *Id.* § 27.001(4)(A)(i); *cf. Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018) (an attorney's alleged liability stemmed from his dictation of a Rule 11 agreement into the court record during trial, which constituted a communication in a judicial proceeding).

Krishna claims, however, that the communication is "pertaining to . . . a judicial proceeding" because Foster agreed to render services in the Hospital Lawsuit. But the focus of this analysis cannot be on Foster's representations because Foster was not the TCPA movant. Krishna was the movant, and the only representation that can be attributed to Krishna is that the doctor would pay Foster's fee. That communication does not pertain to a judicial proceeding—under the terms of the contract, the fee was not even contingent upon the outcome of a judicial proceeding. *Cf. Pierce v. Brock*, No. 01-18-00954-CV, 2019 WL 3418511, at \*4 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (one lawsuit alleging that an administrator was liable for fraud and mismanagement was not related to a separate lawsuit in which the administrator asserted claims of employment discrimination, even though both lawsuits arose out of the

4

administrator's employment); *Park v. Suk Baldwin Props., LLC*, No. 03-18-00025-CV, 2018 WL 4905717, at *3–4 (Tex. App.—Austin Oct. 10, 2018, no pet.) (mem. op.) (defendants' counterclaim for tortious interference and breach of contract was not related to plaintiffs' claim for fraud, even though all of the legal actions arose out of the purchase of certain commercial property).

Nor can we determine how Krishna's alleged misrepresentation that the doctor would pay Foster's fee is a "communication in connection with an issue under consideration or review by a . . . judicial . . . body." *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(B). Foster's fee was not an issue at all in the Hospital Lawsuit. Likewise, Krishna has not explained how its alleged misrepresentation about the doctor's payment of that fee was "reasonably likely to encourage consideration or review of an issue" in the Hospital Lawsuit. *Id.* § 27.001(4)(C).

Krishna argues that a contrary result is required under *Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 WL 6839568 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.), which held that certain communications fell within the TCPA's definition of the exercise of the right to petition. But that case is distinguishable on the facts. The communications there were statements that a client should terminate her relationship with a lawyer because the lawyer was mishandling the client's case and because the lawyer's contingency-fee agreement was "no good." *Id.* at *4. Those sorts of communications directly pertain to a judicial proceeding. *See Brown Sims, P.C. v. L.W. Matteson, Inc.*, — S.W.3d —, 2019 WL 4739439, at *3 (Tex. App.—San Antonio 2019, no pet.) (holding that a legal malpractice claim related to the exercise of the right to petition). By contrast, Krishna's alleged communication had nothing to do with legal malpractice.

Krishna also relies on *Mills v. Carlock*, No. 05-16-01027-CV, 2017 WL 1532047 (Tex. App.—Dallas Apr. 26, 2017, pet. denied) (mem. op.). The plaintiff

there sued the defendant for allegedly disclosing confidential information in a divorce case. But as the pleadings themselves established, those alleged disclosures were necessarily communications in a judicial proceeding. *Id.* at *3. *Mills* has no application here because Krishna's communication was not alleged to have occurred in a judicial proceeding.

Krishna finally cites to *Mustafa v. Pennington*, No. 03-18-00081-CV, 2019 WL 1782993 (Tex. App.—Austin Apr. 24, 2019, no pet. ) (mem. op.), which is not materially different from *Mills*. In *Mustafa*, the plaintiff sued the defendant, who was a court-appointed amicus attorney, asserting causes of action based on the defendant's filings and oral statements in a suit affecting the parent-child relationship. Just like in *Mills*, the defendant's communications necessarily occurred in and pertained to a judicial proceeding. *Id.* at *3. Krishna has not shown how *Mustafa* applies here.

We conclude that Krishna has failed to satisfy its initial burden of showing by a preponderance of the evidence that Foster's fraud claim is based on, relates to, or is in response to Krishna's exercise of the right to petition. Because this conclusion fully supports the trial court's ruling, we need not consider whether Foster produced clear and specific evidence to establish a prima facie case for each essential element of its challenged cause of action. *See* Tex. R. App. P. 47.1.

## CONCLUSION

The trial court's order denying the motion to dismiss is affirmed.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.

6